**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL CASE NO. 17-34-DLB-HAI**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**VS.**                            **MEMORANDUM ORDER**

**RICHARD R. CRAWFORD**                                              **DEFENDANT**

*** *** *** ***

This matter is before the Court on Defendant Richard Crawford's December 1, 2025 letter seeking removal of a detainer[1] lodged against him by the Ohio Department of Rehabilitation and Correction (the "ODRC"). (Doc. # 186). On December 23, 2025, the Court, construing Defendant's letter as a motion to remove a detainer, ordered the United States to file a written response within twenty days. (Doc. # 187). The United States filed its Response on December 31, 2025 (Doc. # 188) and Defendant filed a Reply (Doc. # 189). Thus, the matter is ripe for the Court's review. For the reasons stated below, Defendant's Motion (Doc. # 186) is **denied**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 14, 2017, Defendant was indicted on three counts relating to the distribution of cocaine and possession with intent to distribute.[2] (Doc. # 1). This

---

[1]     A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or notify the agency when the release of the prisoner is imminent." *Norton v. Parke*, 892 F.2d 476, 477 n. 1 (6th Cir. 1989) (quoting *Carchman v. Nash*, 473 U.S. 716, 719 (1985)).

[2]     Defendant proceeded to trial on these charges where a jury found him guilty of Count One and the lesser-included offenses on Counts Two and Three of the Indictment. (Doc. # 61). The

1

indictment came roughly four months after Defendant's release on parole in connection with a conviction for drug trafficking and possession offenses in the Common Pleas Court of Hamilton County, Ohio.  (Doc. # 188-1).  Because Defendant's federal offenses occurred while he was on parole under its supervision, the ODRC lodged a parole violation detainer with the Bureau of Prisons (the "BOP").  (*See* Docs. # 188-1 at 2; 186 at 8).

Defendant contends that the presence of this detainer hampers his ability to participate in the Residential Drug Abuse Program (the "RDAP")[3] and adversely affects his eligibility for certain time credit.[4]  (Doc. # 186 at 2).  Accordingly, he "requests that this honorable court remove the detainer" so that Defendant may participate in the RDAP and receive the time credit which Defendant argues he deserves.  (*Id.*).

## II.   ANALYSIS

Defendant's request faces a threshold issue: a federal district court does not have the authority to remove a state detainer under these circumstances.  *See Hamrick v. Patton*, No. 06-cv-098-HRW, 2006 WL 2092392, at *1 n. 2 (E.D. Ky. July 26, 2006) (citing *Robinson v. People of the State of Illinois*, 752 F. Supp. 248 (N.D. Ill. 1990)).  If Defendant wishes to challenge the validity or propriety of the ODRC detainer, he must seek relief in

---

Sixth Circuit subsequently affirmed Defendant's conviction.  *United States v. Crawford*, 943 F.3d 297, 313 (6th Cir. 2019).

[3]     The RDAP offers various incentives to certain federal inmates for their involvement in drug abuse treatment programming.  28 U.S.C. § 550.53.  Successful completion of the RDAP can make an inmate eligible for early release, provided they meet the requirements of 28 U.S.C. § 550.55.  28 U.S.C. § 550.54.

[4]     It is important to note that Defendant does not challenge the validity of the ORDC detainer but, instead, requests that it be removed in order to facilitate his participation in the RDAP and allow him to receive certain time credit.

2

the Ohio courts.  *Id.* at *1.  The United States observes in its Response that "Defendant has not identified any authority that authorizes" this Court to compel the removal of a state detainer and, further, the United States "is not aware of one."  (Doc. # 188 at 2).  Defendant's Reply, in apparent concession of this point, states that he "is aware that the court may not directly 'remove' a state detainer."  (Doc. # 189 at 2).  Nonetheless, Defendant argues that "Federal Courts possess inherent equitable powers to 'prevent abuse, oppression, and injustice' and to 'correct the errors of the clerk or other court officers.'"[5]  (*Id.*).  Defendant also points to Rule 35 of the Federal Rules of Criminal Procedure, which he maintains "codifies [the] inherent authority of the courts to correct sentence errors."  (*Id.*).

To be sure, the Supreme Court has long recognized that courts of the United States enjoy inherent equitable powers "over their own process, to prevent abuse, oppression, and injustice."  *Gumbel v. Pitkin*, 124 U.S. 131, 146 (1888).  However, in recognizing the somewhat amorphous nature of these powers, the Supreme Court has cautioned that "[t]he extent of these powers must be delimited with care[.]"  *Degen v. U.S.*, 517 U.S. 820, 823 (1996); *see also Bitter v. U.S.*, 389 U.S. 15, 16 (1967) (noting that such "power must be exercised with circumspection").  Defendant is correct that this inherent equitable power permits the Court—in certain circumstances—to "correct the errors of the clerk or other court officers."  (Doc. # 189 at 2).  But the Court's power "is limited to making the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence."  *U.S. v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (citing *Fierro v. Reno*,

---

[5]   Although Defendant's Reply appears to quote some external source or sources on this point, Defendant did not include a citation identifying such authority.

217 F.3d 1, 4-5 (1st Cir. 2000)).  Rule 35 reflects the limited scope of this power by providing that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  That rule has no application here.

The relief Defendant seeks—removal of the detainer lodged by the ODRC—far exceeds the scope of whatever inherent equitable authority the Court possesses. Defendant argues that because the ODRC detainer prevents his participation in the RDAP, it is "interfering with the execution of his federal sentence as contemplated at sentencing," which gives this Court the "authority to address it."  (Doc. # 189 at 2).  Not so.  Although the Court "recommended that [D]efendant participate in the 500-Hour RDAP Program" at sentencing, Defendant's participation was not mandated.  (Doc. # 70 at 2). "When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate[.]"  *Tapia v. U.S.*, 564 U.S. 319, 331 (2011).  Likewise, the Supreme Court has reiterated the BOP's broad discretion in granting early release upon completion of a residential substance abuse program.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

Because the Court's recommendation that Defendant participate in the RDAP was non-binding, the fact that the ODRC detainer prevents his participation in no way hampers the execution of Defendant's sentence.  *See United States v. Giles*, No. 3:16-cr-04-GFVT-HAI, 2018 WL 662380, at *2 (E.D. Ky. Feb. 1, 2018) ("Therefore, when this Court recommended participation in RDAP, it was merely a recommendation, not an order.  Nor does an inmate have a constitutional right to participate in RDAP.") (citations omitted).

4

Thus, there is no need for the Court's exercise of its inherent equitable authority to prevent injustice or correct a sentencing error.

Defendant points the Court to *Setser v. U.S.*, 566 U.S. 231 (2012), for the proposition that, because a district court has "authority to order a consecutive sentence to an anticipated state sentence, it necessarily has the authority to order a concurrent sentence or to direct removal of a detainer that frustrates its sentencing objectives." (Doc. # 189 at 2). In *Setser*, the Supreme Court held that federal courts may order a defendant's sentence to run consecutively or concurrently to a pending state court sentence at sentencing. 566 U.S. at 236-37. This holding followed from the Supreme Court's conclusion that the Sentencing Reform Act of 1984, 18 U.S.C. § 3584, *et seq.* did not prevent district courts from imposing a federal sentence to run concurrently to a yet-to-be-imposed state sentence, even though such a situation was not expressly addressed by the statute. *Id.* at 235. This holding in no way empowers a federal court to "direct removal of a [state] detainer" as Defendant suggests. (Doc. # 189 at 2).

Moreover, as the United States correctly argues, "[t]o the extent the Defendant seeks to challenge the BOP's administration of his sentence, he must file a petition for habeas relief in the federal district court located in the district where he is incarcerated[.]" (Doc. # 188). "If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition in the district court having jurisdiction over the petitioner's custodian." *Doan v. Lamanna*, 27 F. App'x 297, 298-99 (6th Cir. 2001) (citing *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991)). This includes challenges involving "the computation of sentence credits" and a defendant's eligibility for the RDAP program. *Benningfield v. Snyder-*

5

*Norris*, No. 15-cv-115-HRW, 2016 WL 1271027, at *2 (E.D. Ky. Mar. 29, 2016) (citing *Jalili*, 925 F.2d at 894). Thus, insofar as Defendant seeks to challenge the BOP's calculation of his sentence credits or eligibility for participation in certain programs, he must seek habeas relief in the district of incarceration. For Defendant Crawford, that would be the District of New Jersey.

### III.   CONCLUSION

Because the Court has no authority to compel the removal of a detainer issued by the State of Ohio and because Defendant must file a § 2241 habeas petition to challenge the BOP's administration of his sentence,

**IT IS ORDERED** that Defendant's Motion for Removal of Detainer (Doc. # 186) is **DENIED.**

This 11th day of February, 2026.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Covington Criminal\2017\17-34 MOO denying Motion to Lift Detainer.docx